# 1IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ISIDRO FLORES JUAREZ,** *on behalf of himself and all other plaintiffs similarly situated, known and unknown,* | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| **THE KENNETH COMPANY,** *an Illinois Corporation* and **KENNETH MALONEY,** *individually* | ) ) ) ) ) |
| Defendants. | ) ) |

Nº· 1:22-cv-

Honorable Judge

Magistrate Judge

***JURY DEMAND***

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, **ISIDRO FLORES JUAREZ,** ("Plaintiff"), on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorneys, JOHN W. BILLHORN, AND SAMUEL D. ENGELSON, of the BILLHORN LAW FIRM, and for his First Amended Complaint against Defendants, **THE KENNETH COMPANY, AN ILLINOIS CORPORATION, AND KENNETH MALONEY, INDIVIDUALLY** (each a "Defendant", collectively "the Defendants"), states as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Illinois Prevailing Wage Act, 820 ILCS 130/0.01 *et seq* (IPWA).

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue

lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

### III. THE PARTIES

3. Defendant, **THE KENNETH COMPANY** ("TKC"), owns and operates a landscaping business located at 16W064 Jeans Rd, Lemont, IL 60439.

4. Defendant TKC is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonable inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

5. During all relevant times, TKC was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

6. Defendant, **KENNETH MALONEY,** is the President and owner of TKC. Maloney was and is the primary day-to-day manager and decision maker for TKC.

7. In his capacity as President, owner and manager of TKC, Maloney was vested with the authority to implement and carry out the wage and hour practices of TKC.

8. Maloney acted as the manager of TKC and was responsible for customer acquisition, assigning tasks, creating and distributing schedules, operations supervision, and payment of wages. Maloney oversaw all aspects of TKC's business operations and client interactions.

9. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Maloney and Maloney in turn responded to those

2

communications with the authority described herein.

10. Thus, at all times relevant hereto, Maloney was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, was an "employer".

11. Plaintiff, **ISIDRO FLORES JUAREZ,** (hereinafter referred to as "Plaintiff") is a former employee of Defendants who, between approximately April of 2015 to December 22, 2020, was employed seasonally by Defendants as a landscaper. Each season typically began in March and ended in December of the same year.

12. Juarez was consistently required to work more than 40 hours each week and was not paid overtime premiums of one and one-half his regular rate of pay for such hours. Instead, Plaintiff was paid his regular, straight time rate of pay for all hours worked.

13. Furthermore, for half of the season, Plaintiff performed work on state public works projects that involved construction work in parks, public schools and in other public areas that were subject to Illinois prevailing wages. Plaintiff was paid only his regular hourly rate instead of the general prevailing hourly rate as paid for work of a similar character in the locality as required by law.

14. At times, Plaintiff worked in excess of 40 hours in individual work weeks at these public works sites subject to prevailing wage rates, such that Plaintiff was entitled to the required prevailing wage rate and corresponding overtime rate for work performed at these job sites.

15. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who work or worked for Defendants and performed overtime work that should have been compensated time and one-half their regular hourly rates. Furthermore, all other unnamed

3

Plaintiffs similarly performed public construction work in parks, public schools, and other public areas while paid an hourly rate that was below the general prevailing hourly rate as paid for work of a similar character in the locality.

16. The prevailing wage in 2017 for laborers working in DuPage, Cook, Lake and Will Counties was $68.17, meanwhile Plaintiff was paid $15.00 per hour. The prevailing wage in 2018 for laborers working in DuPage, Cook, Lake and Will Counties was $70.19, meanwhile Plaintiff was paid $16.00 per hour. The prevailing wage in 2019 for laborers working in DuPage, Cook, Lake and Will Counties was $72.32, meanwhile Plaintiff was paid $16.00 per hour. The prevailing wage in 2020 for laborers working in DuPage, Cook, Lake and Will Counties was $72.32, meanwhile Plaintiff was paid $16.00 per hour. The prevailing wage in 2021 for laborers working in DuPage, Cook, Lake and Will Counties was $75.61, meanwhile Plaintiff was paid $16.00 per hour.

17. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

**IV.  STATUTORY VIOLATIONS**

**Collective Action Under the Fair Labor Standards Act**

18. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

4

**Illinois Minimum Wage Law**

19. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Illinois Prevailing Wage Act**

20. Pursuant to the Prevailing Wage Act, 820 ILCS 130/1 *et seq.*, Count V of this action is brought by Plaintiff to recover the difference between his hourly rate and the prevailing wage rate for work of a similar character in the locality that Plaintiff worked. The claims asserted by Plaintiff herein under the IPWA are proper for certification under Federal Rule of Civil Procedure 23.

**V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

21. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants.

22. Plaintiff's employment as a landscaper and laborer was integral and indispensable to Defendants' landscaping business.

23. Plaintiff was employed by Defendants from approximately April 2015 to December 22, 2020 on a seasonal basis - typically from March to December each year.

24. Plaintiff was employed as a landscaper and performed duties related to landscaping (planted trees and flowers, marked out areas for planting, installed sod, etc.). Plaintiff also performed construction work such as mixing cement, placing foundation for new construction, building and installing playgrounds, constructing of pavement and other walkways in parks, among other duties.

5

25. All of Plaintiff's job duties, work assignments and day-to-day activities were directed by Maloney. Maloney managed day-to-day activities for Plaintiff and all other hourly workers.

26. Maloney was directly involved in all of Defendants' business operations, including the minute details of the specific duties being performed by Plaintiff and other hourly employees Defendants' day. Maloney directly supervised and managed Plaintiff and putative class members on a daily basis.

27. Maloney regularly communicated with Plaintiff to assign work hours and locations and discuss other employment matters, including wages.

28. Plaintiff's minimum schedule with Defendants was typically 7:00 a.m. to 6:00 p.m. but often until as late as 8:00 p.m. Monday through Friday; 7 a.m. to 2:00 p.m. but often as late as 4:30pm on Saturday. Plaintiff attempted to take a meal break during shifts but was often interrupted by supervisors and directed to resume working.

29. During Plaintiff's employment with Defendants, he was initially paid $15.00 an hour when he was hired in 2015. Approximately during year 2018 Plaintiff's hourly wage increased to $16.00 per hour for the remainder of his employment with Defendants.

30. On Monday through Friday, Plaintiff typically started working around 7:00 a.m. Plaintiff was required to be at the company shop at this time to load the truck and travel to the first job site. Plaintiff typically completed work at his final daily job site around 5:00 p.m.

31. However, Plaintiff and members of the Plaintiff Class were required to travel back to the company shop after completing work at the final site. They would arrive at the company shop to unload the trucks at approximately 5:30 or 6:00 p.m., depending on traffic. Sometimes the workers would not arrive at the company shop until 7:00 p.m. or after.

32. On Saturdays, Defendant would require Plaintiff and other co-workers to start working at 7:00 a.m. to load the truck and travel to the first work site. On Saturdays, Plaintiff finished working at approximately 3:00 p.m. but was required to return the truck back to the shop and unload the truck. They would arrive at the company shop at approximately 4:00 or 4:30 p.m., depending on traffic.

33. Plaintiff and members of the Plaintiff Class were not compensated for time spent driving between the shop and the first job site or the last job site and the shop, including the work performed pre- and post-shift, such as loading/unloading, stocking and cleaning Defendants' company vehicles.

34. The pre- and post-shit driving and work performed by Plaintiff was compensable work time under the FLSA and IMWL.

35. At times, this additional off the clock work pre- and post-shift exceeded 40 hours in individual work weeks such that Plaintiff should have been paid additional overtime premiums. As such, Plaintiff is owed additional regular and overtime wages for required pre- and post-shift drive time and work performed off the clock.

36. Plaintiff, on a regular basis within the dates of employment referenced above, performed work for which he failed to receive overtime premium rates for work performed over forty (40) hours in a work week pursuant to the requirements of the federal and state statutes relied upon herein.

37. Defendants compensated Plaintiff straight time wages for all hours worked over 40 for regular landscaping and construction work performed at non-prevailing wage sites.

38. As a landscaper and laborer, Plaintiff was not exempt from the overtime provisions of the FLSA or IMWL. As such, Plaintiff should have been paid overtime premiums of one and

7

one-half times his regular hourly rate of pay for all hours worked over 40 in individual work weeks.

39. Plaintiff, on a regular basis within the dates of employment referenced above, performed work for which he failed to receive overtime premium rates for work performed over forty (40) hours in a work week pursuant to the requirements of the federal and state statutes relied upon herein.

40. Additionally, Plaintiff and all similarly situated members of the Plaintiff class, performed tasks related to landscaping and construction involving state public property, schools, parks and other locales and businesses covered by the IPWA without being compensated at the general prevailing rate of hourly wages as required by Illinois law. Plaintiff and other workers similarly situated were compensated at only their regular hourly rate, which was substantially lower than the required prevailing wage.

41. Because the applicable prevailing wage as set forth by the IPWA was the applicable minimum wage to be paid to Plaintiff and the Plaintiff Class for state public works projects, Defendants' failure to pay the prevailing wage was and is a violation of the minimum wage provisions of the FLSA.

42. Similarly, Defendants' failure to pay overtime at a rate of one and one-half of Plaintiff's regular rate, which for state public works projects was one and one-half times the prevailing rate, was and is a violation of the overtime provisions of the FLSA.

43. Defendants' violations of the IPWA as to prevailing minimum and overtime wages are also violations of the FLSA, as the minimum wage and overtime provisions of the FLSA apply to the prevailing wage and overtime provisions of the IPWA.

44. Similarly, Defendants' violations of the IWPA as to minimum and overtime prevailing wages are also violations of the IMWL.

45. Plaintiff worked in excess for forty (40) hours in at least one workweek during his employment without pay at a rate of time and one half his regular hourly rate of pay for such hours.

46. Plaintiff was denied time and one-half his regular rate of pay for hours worked over 40 in a workweek pursuant to the requirements of the federal and state statutes relied upon herein.

47. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516.

48. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

49. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present hourly landscape laborer employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-49. Paragraphs 1 through 49 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 49 of this Count I.

50. Plaintiff, and members of the Plaintiff Class, were each an "employee" pursuant to 29 U.S.C. §203(e).

51. Defendants were each an "employer" pursuant to 29 U.S.C. §203(d).

52. Plaintiff, and members of the Plaintiff Class, were not exempt from the maximum hours provisions of 29 U.S.C. §207.

53. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

54. Defendants have at all times relevant hereto failed and refused to pay compensation to their workers/employees, including the Named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-54.   Paragraphs 1 through 54 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 54 of Count II.

55.   Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

56.   Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)   awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)   awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)   awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-56. Paragraphs 1 through 56 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 56 of Count III.

57. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

58. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-58. Paragraphs 1 through 58 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 58 of this Count IV.

59. Plaintiff, and members of the Plaintiff Class, were each an "employee" under 820 ILCS 105/3(d) of the IMWL.

60. Defendants were each an "employer" as defined in the IMWL, 820 ILCS 105/3(c).

61. Plaintiff, and members of the Plaintiff Class, were not exempt from the overtime wage provisions of the IWML, 820 ILCS 105/4(a).

62. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

63. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid minimum and overtime wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

64. Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS PREVAILING WAGE ACT

1-64. Paragraphs 1 through 64 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 64 of this Count V.

65. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the prevailing wage provisions of the Illinois Prevailing Wage Act, 820 ILCS §130/0.01 *et seq*.

66. The Illinois Prevailing Wage Act provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the difference between the wages paid and the prevailing wage and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid. The applicable statute of limitations for this claim is five (5) years. Pursuant to the IPWA, Plaintiff class members were entitled to be

compensated at the general prevailing rate of hourly wages.

67. Plaintiff seeks certification of the Illinois Prevailing Wage Act violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding them:

(a) A judgment in an amount to be determined at trial for all of the earned wages due to Plaintiff;

(b) Statutory interest damages in the amount of two percent (2%) per month of the amount of under-payments;

(c) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute.

(d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 07/21/2022*

/s/ Samuel D. Engelson
Samuel D. Engelson

John W. Billhorn
Samuel D. Engelson
BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450

Attorneys for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.